## CIRCUIT COURT OF NORTHUMBERLAND COUNTY

Oren W. Harrison, Jr., Adm'r

v.

Connie H. Shelton

v.

Elizabeth Harrison

July 3, 1989

By JUDGE JOSEPH E. SPRUILL, JR.

Argument was heard June 6, 1989, on a demurrer filed by a third party defendant on grounds that the negligence of a parent is not imputable to the parent's child.

The facts essential to this ruling may be summarized as follows. Mary Harrison, 18 months of age, was crossing a public highway in Northumberland County, Virginia, on May 24, 1988, when she was struck and killed by an automobile operated by Connie H. Shelton. In an action initiated by Mary's Administrator, Shelton alleges contributory negligence on the part of Mary's parents. She has filed a Third-Party Motion for Judgment against Elizabeth Harrison, mother of Mary, alleging negligence in failing to exercise ordinary care to protect the infant and demanding judgment against the mother for all or part of any recovery the Administrator may obtain from Shelton.

The issue is whether the parent's negligence is imputable to the child under these circumstances so as to exonerate the driver of the motor vehicle, or to entitle the driver, in effect, to contribution.

The Court is of the opinion that the issue here is controlled by *Shelton v. Mullins*, 207 Va. 17 (1966), cited by counsel, which holds first that the negligence of a

parent is not imputable to the child, and secondly, even if the mother were negligent, this would not exonerate the driver from liability provided the driver was negligent, etc. This case is consistent with a line of Virginia cases dating back at least to 1943.

Shelton's counsel has asked us to take "a small step" in expanding on the rationale of *Smith v. Kaufman*, 212 Va. 181 (1971), in which a child is permitted to maintain an action against a parent to recover from injuries sustained in an auto accident. Despite the persuasiveness with which Mr. Mason articulated his position, under the facts of this case and the existing law as understood by the Court, it does not seem appropriate to further extend the holdings in *Smith*. Not only has the Virginia Supreme Court not done so, it has specifically refused the opportunity to do so on several occasions.

The Court is, therefore, of the opinion that the demurrer should be sustained.